**DENTONS US LLP**
D. Farrington Yates
Marc H. Mandel
James A. Copeland
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700

*Counsel for Petitioner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 15 |
| COGENT FIBRE INC., | Case No. 15-_____ (___) |
| Debtor in a Foreign Proceeding. | Recognition Request Pending |

**DECLARATION OF KENNETH D. KRAFT IN SUPPORT
OF (I) VERIFIED PETITION FOR RECOGNITION OF CANADIAN
PROCEEDING UNDER CHAPTER 15 AND MOTION FOR ORDER
GRANTING RELATED RELIEF AND (II) MOTION FOR (I) *EX PARTE*
EMERGENCY RELIEF AND (II) PROVISIONAL RELIEF PURSUANT TO
SECTION 1519 OF THE BANKRUPTCY CODE**

I, Kenneth D. Kraft, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of

perjury under the laws of the United States of America that the following is true and correct:

1.      I am over the age of 18, a citizen of Canada, and, if called upon, could testify to

all matters set forth in this declaration, except as otherwise provided herein.  I hereby submit this

declaration in support of (i) the *Verified Petition for Recognition of Canadian Proceeding and

Motion for Order Granting Related Relief* (the "Verified Petition") and (ii) the *Motion for (I) Ex

Parte Emergency Relief and (II) Provisional Relief Pursuant to Section 1519 of the Bankruptcy

Code* (the "Stay Motion").

2.      I am a partner with Dentons Canada LLP and lead the insolvency and

restructuring group in the firm's Toronto office and have been in practice for over 24 years in

this area.  While being qualified to practice in Ontario, Canada, I have over the years been involved in many cross-border cases and so have had considerable exposure to bankruptcy laws and practice in the United States and in other countries around the globe.

### A.    Overview of the BIA

3.    *The Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended (the "BIA") is the principal statute in Canada addressing bankruptcies, similar to Chapters 7 and 13 of the United States Bankruptcy Code (the "Bankruptcy Code"), and also provides for reorganizations similar to Chapter 11 of the Bankruptcy Code.  In the case of corporate reorganizations, the BIA is one of two statutes, the other being the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended ("CCAA"), pursuant to which an insolvent company may reorganize.

4.    Larger more complex reorganizations tend to occur under the CCAA, while simpler ones tend to occur under the BIA.  A proceeding under either statute requires a corporation to admit that it is insolvent, although Canadian courts have allowed for a more expansive definition of insolvency under the CCAA.  In addition, a corporation must have a minimum indebtedness of CAD$5,000,000 to file under the CCAA.  There is no minimum threshold to file under the BIA.

### B.    Commencing BIA Proceedings and the Stay

5.    A BIA reorganization is commenced by filing a document with the Official Receiver (a government agency somewhat akin to the U.S. Trustee), called a "Notice of Intention to Make a Proposal" (the "NOI").  As a collective judicial proceeding, all known creditors with a minimum claim of CAD$250 and other parties in interest receive notice of the NOI's filing.  Upon the filing of the NOI a stay of proceedings is automatically imposed with respect to a debtor, its property, and its officers and directors pursuant to section 69 of the BIA, which stay

17754357\V-3

protects a debtor's property.  There are certain very limited exceptions to the stay but they are not relevant to the circumstances of this case.  A debtor's management, or board appointed representative, is permitted to manage the assets and affairs of the debtor (which includes the power to represent the debtor in pending litigations), similar to a debtor-in-possession under the Bankruptcy Code.

6.    A trustee must be appointed to work with the debtor company upon the filing of the NOI (the "Proposal Trustee").  The Proposal Trustee is an independent person (or corporation), licensed by the Superintendent of Bankruptcy. The Proposal Trustee does not displace management of the debtor.  However, the Proposal Trustee is an officer of the court and is a fiduciary to the creditors of the debtor company.

7.    The Proposal Trustee has a duty to monitor and report on the debtor's affairs and to notify creditors and the court of any material adverse changes that may occur after the NOI has been filed.  The Proposal Trustee is to work with the debtor company on developing a proposal to be presented to the creditors.  In addition, the Proposal Trustee is to send notice of the filing of the NOI to all known creditors with a claim of at least CAD$250.  Such notice is sent within five days of the NOI being filed.

8.    The debtor company must file a cash flow statement within 10 days after the NOI is filed. The Proposal Trustee must have reviewed the cash flow statement and certified that it is reasonable in the circumstances. Failure to file the cash flow statement within the 10 day period results in an automatic bankruptcy (functionally equivalent to an automatic conversion to Chapter 7 under the Bankruptcy Code).

9.    The initial stay of proceedings upon the filing of the NOI lasts for 30 days.  The debtor company has the option to apply for an extension of time to file the NOI in increments of

-3-

17754357\V-3

up to 45 days and for a maximum aggregate period of six months from the time that the NOI was filed. Before the end of the NOI period the debtor company must file a proposal. Failure to receive an extension or file a proposal within the prescribed time periods results in an automatic bankruptcy.

10.     Extensions of the stay will be granted provided that the court is satisfied that the debtor is: (i) acting in good faith and with due diligence; (ii) likely to make a viable proposal if the extension is granted; and (iii) no creditor would be materially prejudiced if the extension requested is granted.

11.     Creditors may apply to the court, at any time, to terminate the NOI. To succeed the creditors must establish that the debtor is: (i) not acting in good faith or with due diligence; (ii) unlikely to make a viable proposal before the NOI period expires; (iii) unlikely to make a proposal that the creditors would accept; or (iv) the creditors as a whole would be materially prejudiced if the proceedings are not ended.

### C.     The BIA Proposal Process

12.     At the end of the NOI process, the debtor company is to file a proposal. A proposal must be made to the unsecured creditors of the company. It may be made to the secured creditors but this not mandatory. Where a proposal is not made to the secured creditors than the stay of proceedings ceases to apply to such creditors.

13.     Where a proposal is made to both secured and unsecured creditors than they are in separate classes. Depending on the nature of the claims or their proposed treatment in a proposal secured creditors and unsecured creditors may be further divided into additional classes.

14.     Within 21 days after the proposal is filed, a meeting (or meetings if more than one class), must be held to consider and vote on the proposal. It is the Proposal Trustee's duty to call

-4-

the creditors' meeting to consider the proposal.  Further, at least 10 days before the proposed creditors' meeting, the Proposal Trustee must send notice to all known creditors setting forth, or otherwise including, (i) the time, date and place of the meeting (usually in the municipality where the debtor is based); (ii) a condensed statement of assets and liabilities; (iii) a list of creditors owed more than CAD$250 (including the amounts owed as listed on the debtor's books); (iv) a copy of the proposal; (v) a proof of claim form; (vi) a proxy form; and (vii) a voting letter.

15.    In order to be accepted, a majority in number representing 2/3 in the dollar value of the unsecured creditor class (or classes if the unsecured creditors are divided into more than one class), must have voted in favour of the proposal.  For the purpose of determining whether the statutory approval has been reached only those creditors who actually voted (whether in person or by proxy) are counted.  Creditors who cannot attend the meeting in person have the ability to vote by proxy for or against the proposal.  Creditors that are not at arm's length from the debtor company cannot vote in favour of the proposal (although they can vote against it).  A proposal cannot be approved over the objection of an unsecured creditor class that did not vote in favour of the proposal.

16.    If the requisite majority (or majorities in the case of multiple classes) vote in favour of the proposal than an application is made to the court for approval of the proposal.  If the court approves the proposal than it binds all creditors to whom the proposal was made.  Should the court reject the proposal, or the court refuses to approve the proposal, then the company is deemed to have gone bankrupt and enters liquidation.

### D.    The BIA Claims Process and Creditor Protections

17.    To be eligible to vote on the proposal, creditors will file proofs of claim that the

17754357\V-3

-6-

Proposal Trustee will review with the debtor company.  Creditors do have the ability to challenge other creditors' claims. Any disputes over the amount of the claim can be referred to the supervising court.

18.    In addition, the debtor company and the Proposal Trustee have the option to allow a claim to be allowed at a meeting for voting purposes alone.

19.    Once the NOI has been filed the debtor company's only options are to proceed with the making of a proposal or a conversion to a bankruptcy.

[*signature on following page*]

-6-

17754357\V-3

Executed this 15 day of July, 2015 in Toronto, Canada.


_____

Kenneth D. Kraft
Partner
Dentons Canada LLP


84406521

17754357\V-3