**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>COGENT FIBRE INC.,<br><br>       Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 15-11877 (SMB)<br><br>Recognition Request Pending |

**TEMPORARY RESTRAINING ORDER**
**AND ORDER SHORTENING NOTICE**

Upon the *Motion for (I) Ex Parte Emergency Relief and (II) Provisional Relief Pursuant to Section 1519 of the Bankruptcy Code* (the "Motion") filed by the Petitioner in respect of that certain insolvency proceeding commenced pursuant to Canada's *Bankruptcy and Insolvency Act* (R.S.C. 1985, c. B-3) (the "BIA"), pending before the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court"), File No. 31-2016058 (the "Canadian Proceeding");[1] and upon consideration of the *Declaration of Petitioner in Support of (A) Verified Petition for Recognition of Canadian Proceeding Under Chapter 15 and Motion for Order Granting Related Relief and (B) Motion for (I) Ex Parte Emergency Relief and (II) Provisional Relief Pursuant to Section 1519 of the Bankruptcy Code*, the *Declaration of Kenneth D. Kraft in Support of (A) Verified Petition for Recognition of Canadian Proceeding Under Chapter 15 and Motion for Order Granting Related Relief and (B) Motion for (I) Ex Parte Emergency Relief and (II) Provisional Relief Pursuant to Section 1519 of the Bankruptcy Code*, and the *Declaration of D. Farrington Yates in Support of (A) Verified Petition for Recognition of Canadian Proceeding Under Chapter 15 and Motion for Order Granting Related Relief and (B) Motion for (I) Ex Parte Emergency Relief and (II) Provisional Relief Pursuant to Section 1519 of the Bankruptcy Code* (collectively, the "Declarations"); and the Court having considered and reviewed the Motion and

---
[1] Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Verified Petition.

the Verified Petition and determined that the relief sought in the Motion is in the best interests of the Debtor, its creditors and all parties in interest; and the Court having considered the evidence and statements regarding the Motion in the documents filed with the Court, including the *Ex Parte Motion for an Order (I) Scheduling Hearing Regarding Verified Chapter 15 Petition, and (II) Specifying Form And Manner of Service of Notice*; and the Court having determined that the legal, evidentiary and factual bases set forth in the documents filed with the Court and in the Declarations establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY FOUND AND DETERMINED THAT**:[2]

A. The Petitioner has demonstrated a reasonable probability that the Canadian Proceeding will be recognized as a foreign main proceeding pursuant to sections 1502(4) and 1517(b)(1) of the Bankruptcy Code, or, in the alternative, a foreign nonmain proceeding under sections 1502(5) and 1517(b)(2) of the Bankruptcy Code.

B. The Petitioner has demonstrated that, in the absence of the requested relief, the Petitioner, the Debtor, its creditors, and other parties-in-interest will suffer immediate and irreparable harm for which they will have no adequate remedy at law and therefore it is necessary that the Court grant the relief requested without prior notice to parties in interest or their counsel.

C. The Petitioner has demonstrated that the relief requested is urgently needed and will not cause either an undue hardship nor create any hardship to parties in interest that is not outweighed by the benefits of this restraining order.

D. The interest of the public and will be served by this Court's granting of the relief requested by the Petitioner.

---

[2] To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

E. The relief requested by the Motion is in the best interests of the Debtor, its creditors, and other parties in interest.

F. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference (Preska, C.J.) dated January 31, 2012.

G. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

H. Venue is proper in this District pursuant to 28 U.S.C. §§ 1409 and 1410.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Section 362 of the Bankruptcy Code shall hereby apply to the Debtor and its property within the territorial jurisdiction of the United States. For the avoidance of doubt, no proceeding, suit, complaint, action, arbitration, application, enforcement, process, right or remedy, judicial or extra-judicial, statutory or nonstatutory (each, a "Proceeding"), other than the Canadian Proceeding, shall be commenced or continued against or in respect of the Debtor or the Petitioner or in any way affecting the Debtor's property, except with the written consent of the Debtor and the Petitioner, or with leave of this Court, and any and all Proceedings currently under way against or in respect of the Debtor or affecting the Debtor's property (other than the Canadian Proceeding), are hereby stayed and suspended pending further Order of the Canadian Court.

2. All rights and remedies of any individual, firm, corporation, governmental body or agency, or other entity (each, a "Person"), whether judicial or extrajudicial, statutory or nonstatutory, against or in respect of either or both the Debtor or the Petitioner or affecting the Debtor's property **within the territorial jurisdiction of the United States [JLG 7/17/15]**, are hereby stayed and suspended except with the written consent of the Debtor and the Petitioner, or leave of this Court, provided that nothing in this Order shall: (i) enjoin a police or regulatory act

of a governmental unit, including a criminal action or proceeding; (ii) empower the Debtor to carry on any business for which it is not lawfully entitled to carry on; or (iii) exempt the Debtor's from compliance with statutory or regulatory provisions relating to health, safety, or the environment.

3. ~~No Person shall discontinue, fail to honor, alter, interfere with, suspend, withdraw, accelerate, repudiate, terminate or cease to perform any right, renewal right, contract, agreement, license or permit in favor of or held by the Debtor or in connection with any of the Debtor's property, except with the written consent of the Debtor and the Petitioner, or leave of the Canadian Court or unless such contract, agreement or license expired by its own terms without acceleration or declaration of a default.~~ **[JLG 7/17/15]**

4. The security provisions of Rule 65(c) of the Federal Rules of Civil Procedure, made applicable to this case by Rule 7065 of the Federal Rules of Bankruptcy Procedure, are inapplicable to the relief sought and granted herein.

5. All parties in interest wishing to be heard shall come before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, at 10:00 a.m. on July 20, 2015, at Courtroom No. 723, 7th Floor, United States Bankruptcy Court, One Bowling Green, New York, New York 10004 (the "<u>Hearing</u>"), to show cause why the Provisional Order (as defined in the Motion) extending the stay relief granted in this Order beginning on the date the Court enters such Provisional Order and continuing for so long as the stay imposed in the Canadian Proceeding remains in effect in respect of the Petitioner, the Debtor, and its property to the fullest extent possible under section 362(a) of the Bankruptcy Code should not be granted.

6. Objections, if any, **may be** submitted **in writing or asserted orally at the Hearing.** ~~for the purpose of opposing the Petitioner's request for a Provisional Order must be~~

~~filed, if at all, by _____, 2015 at ___:___ ___.m., and served on (i) D. Farrington Yates, Esq., Dentons US LLP, 1221 Avenue of the Americas, New York, New York 10020 (email: farrington.yates@dentons.com), counsel to the Petitioner and (ii) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014. In the event that no response or objection is filed, the Court may consider the entry of the Provisional Order without a hearing.~~ **[JLG 7/17/15]**

7. This Court retains jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to this Order, its implementation, or otherwise arising from or related to this case.

8. The Petitioner is hereby authorized and empowered to take any action or perform any act necessary to implement and effectuate the terms of this Order.

9. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

10. Notice of the entry of this Order and **supporting documents** shall be served **on July 17, 2015** by (i) overnight **weekend delivery** on (a) NSU (as defined in the Motion) and (b) NYK (as defined in the Motion), **(ii) by email directed to counsel for NSU and NYK and** (iii) by hand on the Office of the United States Trustee, which shall constitute adequate and sufficient service and notice. **[JLG 7/17/15]**

Dated: July 17, 2015                               /s/ JAMES L. GARRITY, JR.
           New York, New York                UNITED STATES BANKRUPTCY JUDGE